UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X
UNITED STATES OF AMERICA,

                - against -                                  MEMORANDUM & ORDER
                                                    04-CR-159 (NGG)

WILLIAM BROWN,
                                                              **NOT FOR PUBLICATION**

                Defendant.
-------------------------------------------------------X
GARAUFIS, United States District Judge.

      Defendants William Brown and Vlad Goldenberg are scheduled to go to trial on September 26, 2005 to face charges relating to their alleged participation in a "boiler room" securities fraud scheme. On September 21, 2005, oral argument was heard concerning several outstanding motions *in limine*. This M&O addresses the final outstanding *in limine* motions, namely the introduction of co-defendant Vlad Goldenberg's proffer session statements and Brown's motion to sever his trial from Goldenberg's.

      In a Memorandum & Order dated September 1, 2005, this court held that the Government's first proposed redactions of Goldenberg's proffer statements were "insufficient to safeguard Brown's Sixth Amendment rights" under the dictates set forth in <u>Bruton v. United States</u>, 391 U.S. 123 (1968). The Government was ordered to resubmit its proposed redactions to bring the statements into conformity with <u>Bruton</u>. Familiarity with the court's September 1, 2005 M&O is presumed.

      On September 8, 2005, the Government provided further proposed redactions, which the Court has reviewed. I now hold that the Government's further proposed redactions do not run afoul of <u>Bruton</u>. All references to Brown have been removed and replaced with generic descriptions, such as the names of the relevant brokerage firms or more general indications of

management or supervisors at these firms. The statements are now safely outside the scope of Bruton because "substantial evidence [is] necessary to link" Brown to the statements. United States v. Lung Fong Chen, 393 F.3d 139, 150 (2d Cir. 2004). The link is not an obvious one that a jury would immediately make, and therefore, with a limiting instruction, introduction of these statements will not violate the Defendant's right to confrontation. Cf. Gray v. Maryland, 523 U.S. 185, 196 (1998).

Defendant Brown has also moved for a severance of his trial from Goldenberg's on the grounds that the Goldenberg may "point his finger" at Brown at trial and that the two co-defendants may well present antagonistic defenses. "The mere fact that co-defendants seek to place the blame on each other is not the sort of antagonism that requires a severance." United States v. Serpoosh, 919 F.2d 835, 837 (2d Cir. 1990) (internal quotations and citations omitted). Rather, severance is required only when "the jury, in order to believe the core of testimony offered on behalf of [one] defendant, must necessarily disbelieve the testimony offered on behalf of his co-defendant." United States v. Carpentier, 689 F.2d 21, 28 (2d Cir. 1982). Brown has failed to make a showing of antagonism sufficient to meet this standard.

For the foregoing reasons, Defendant William Brown's motions to preclude introduction of Vlad Goldenberg's proffer statements and to sever his trial from that of co-defendant Vlad Goldenberg are hereby denied.


SO ORDERED.
Dated: September 23, 2005                  _____/s/_____
      Brooklyn, NY                             NICHOLAS G. GARAUFIS
                                                      United States District Judge